UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY H., | ) |
| Plaintiff, | ) Case No. 20 cv 7825 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry H.[1] ("Plaintiff") appeals the September 16, 2020 decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security (dkt. 16), which the Court construes as a motion for summary judgment. The Commissioner has filed a cross-motion for summary judgment. (dkt. 23). For the reasons detailed below, the Court grants Plaintiff's motion for summary judgment (dkt. 16), denies the Commissioner's motion for summary judgment (dkt. 23), and remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

**I.     Background**

   **a. Relevant History**

This is the second time this case has been appealed to the United States District Court for the Northern District of Illinois. In its previous opinion, the Court thoroughly discussed the

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

medical and procedural history of the case, and the Court directs the reader to that opinion for the background of this case. *Terry H. v. Saul*, Case No. 19-cv-3652, Dkt. 36 (N.D. Ill. July 16, 2020); 2020 WL 4015328; R. 1675-86. This Memorandum Opinion and Order will focus primarily on the proceedings following this Court's most recent remand.

    **b. The ALJ's Decision**

In this second iteration of Plaintiff's case, the ALJ issued a September 16, 2020 decision denying Plaintiff disability benefits. (R. 1515-29.) Plaintiff alleged disability beginning on July 17, 2015. (R. 1515.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date of July 17, 2015. (R. 1518.) At Step Two, the ALJ found that Plaintiff had severe impairments of: degenerative disc disease of the cervical spine; chronic pain syndrome, and dental bone graft with infection. *Id*. The ALJ also detailed Plaintiff's nonsevere impairments of bilateral elbow epicondylitis post surgery; carpal tunnel syndrome and trigger finger; rosacea; hyperlipidemia; thrombocytosis; irritable bowel syndrome; depression; anxiety; and PTSD. (R. 1518-19.) Plaintiff was also found Plaintiff's small fiber neuropathy; left knee pain; oral and vaginal lesions; Bechet's syndrome; migraine headaches; and fibromyalgia to be impairments that were not medically determinable.[2] (R. 1521.)

At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1, with special consideration to sections 1.04 (spine disorders), 11.00 (neurological disorders), and 14.09 (inflammatory arthritis). (R. 1522.) Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to

---

[2]     The first time Plaintiff was denied disability benefits, a different ALJ determined that Plaintiff's migraine headaches and fibromyalgia were both severe impairments. (R. 23.)

[3]     RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

perform light work with the following additional limitations: no climbing ladders, ropes, or scaffolds; no work at unprotected heights; avoidance of concentrated exposure to temperature extremes, wetness, and humidity; only frequent bilateral handling, balancing, stooping, kneeling, crouching, crawling, climbing ramps and stairs. *Id.*

At Step Four, the ALJ determined that Plaintiff is capable of performing her past relevant work as an account representative, as the work is generally performed. (R. 1528.) The ALJ determined that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.*; 20 C.F.R. § 404.1565. The ALJ also found Plaintiff capable of performing other work existing in significant numbers in the national economy, including appointment clerk; file clerk; and customer complaint clerk. (R. 1528-29.) In making these alternate-occupation determinations, the ALJ also determined that Plaintiff "acquired work skills from past relevant work that are transferrable to [the] other occupations…" (R. 1528.) Because of these determinations, the ALJ found Plaintiff not disabled under the Act. (R. 1529.)

**II.     Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of

performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show that there are jobs that the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**III.    Discussion**

Among other things, Plaintiff asserts the ALJ failed to properly support her finding that Plaintiff could perform either her past relevant work or other work that exists in significant numbers in the national economy. The Court agrees, for the reasons below.

In finding that Plaintiff could perform her past relevant work ("PRW") as an account representative, the ALJ relied on the testimony of the vocational expert ("VE"). (R. 1528.) Although the VE initially indicated Plaintiff could perform her PRW in response to a hypothetical question that included a limitation from concentrated exposure to wetness, the VE clarified that the addition of environmental limitations of exposure to temperature extremes and wetness would impact the availability of Ms. Harper's past work. (R. 1599-1600.) The VE then specifically testified that Plaintiff could *not* perform her PRW given the ALJ's restriction to avoid concentrated exposure to wetness because her past job involved such exposure to wetness. (R. 1600.) The Court will not, as the Commissioner seems to suggest, disregard the VE's earlier testimony, even if the VE allegedly "confused the issue somewhat in response to a different hypothetical." (Dkt. 24, p. 15.) While the VE did not retract his earlier testimony, it appears to the Court he clarified it in a way that is unhelpful to the Commissioner, specifically noting that environmental factors (such as wetness) might eliminate Plaintiff's PRW from the jobs she could perform. (R. 1600.) However, the ALJ did not consider evidence that Plaintiff could not perform her PRW with the environmental limitations, which is significant because the ALJ included a limitation within the RFC that restricted concentrated exposure to wetness. (R. 1522.) Because the ALJ stated she was relying on VE testimony to determine whether Plaintiff could perform her PRW, and the VE testified Plaintiff's PRW was not available with the environmental restrictions found by the ALJ, the ALJ's finding that Plaintiff can perform her PRW is contradictory and cannot stand.

Likewise, the ALJ's alternate finding that Plaintiff could perform other work widely available in the national economy is similarly unsupported. In cases where a claimant is over 55 years of age (which Plaintiff now is) and limited to a sedentary position (which two of the positions offered by the ALJ are), the Social Security Regulations state:

> [i]f you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, *we will find* that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

20 C.F.R. § 404.1563(d)(4) (emphasis added).

The ALJ determined Plaintiff could perform the jobs of appointment clerk, file clerk, and customer complaint clerk. (R. 1529.) Contrary to the ALJ's characterization of these positions as light exertion jobs, the VE testified that appointment clerk and customer complaint clerk jobs were sedentary jobs. (*Compare* R. 1529 *with* R. 1600-01.) Therefore, as to the two sedentary positions, the ALJ was required to identify the transferable skills and find that these transferred with "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. §404.1563(d)(4); SSR 82-41(D)(1). This the ALJ did not do.

The ALJ did determine Plaintiff's PRW afforded her the skills of credit authorization; customer service; experience with customer complaints and rectifying problems; and computer and telephone skills. (R. 1528.) The ALJ also determined that the alternate positions "require skills acquired in the claimant's past relevant work but no additional skills." (R. 1529.) However, the Court finds this does not satisfy the requirements of the statute, which mandates that the Agency determine whether Plaintiff's specific skills can be transferred to the sedentary positions with "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. §404.1563(d)(4); *Abbott v. Astrue*, 391 F. App'x 554, 558 (7th Cir. 2010)

6

("we remand the case so that the ALJ can identify Abbott's acquired work skills *and* explain why he would need to make "very little, if any, vocational adjustment" to a different job) (citing 20 C.F.R. §404.1563(d)(4)) (emphasis added); *see*, *also*, *Harder v. Astrue*, 2010 WL 2102618, at *1 (E.D. Wis. May 21, 2010) (remanding because ALJ did not determine whether plaintiff would require "'little, if any'" vocational adjustment, and the regulations require such a finding;" and noting that "[a]lthough it is a reasonable inference that [p]laintiff's prior work as a registered nurse and supervising nurse involve work skills transferrable to the job of Registrar-Nurses' Registry, pursuant to the policy behind [SSR] 82-41, the ALJ must also explicitly identify the transferable work skills and make a finding that little vocational adjustment is required."). In addition to failing to specifically find whether there was "very little, if any vocational adjustment" in terms of transferrable skills, the record is silent as to any differences in tools, work processes, work settings, or the industry, in part because the ALJ never asked the VE to opine on these key issues. *See* R. 1597-1608. The ALJ was required to make an explicit finding here, which she did not do. Thus, the Court cannot find the ALJ satisfied the plain language of the statute (or the corresponding Social Security Ruling) with regards to these sedentary positions.

As to the only remining potential light work job identified by the ALJ, file clerk, this position, "representative" of potential jobs though it may be (R. 1529), cannot save the ALJ's decision on its own.[4] It is the Commissioner's burden to establish work that exists in significant numbers in the national economy that a claimant can perform. *Chavez v. Berryhill*, 895 F.3d 962, 964 (7th Cir. 2018), yet the ALJ falls short in this arena. The VE testified to only 25,000 national

---

[4] The idea of "representative occupations" strikes the Court as useless terminology, because while there may indeed be other jobs a claimant could perform than those explicitly set forth by an ALJ, the Court can find no authority for the proposition that other unnamed "representative" occupations (without their corresponding titles or job availability numbers) could ever meet the Commissioner's burden of establishing a significant number of jobs. *Chavez v. Berryhill*, 895 F.3d 962, 964 (7th Cir. 2018).

file clerk jobs. (R. 1601.) The ALJ made no finding that this alone was a significant number of jobs (R. 1528-29), nor has the Court found any authority declaring 25,000 jobs nationally to be a significant number. *See* this Court's November 16, 2021 Order in *Sherry T. v. Kijakazi*, Case No. 20-cv-3341, dkt. 29, pp. 4-5 for a relevant discussion of job availability numbers. Moreover, the Commissioner has not even addressed this issue in her brief (dkt. 24), so the Court considers it waived. *See e.g.*, *Bonte v. U.S. Bank, NA*, 624 F.3d 461, 466 (7th Cir. 2010) ("[plaintiff's] failure to respond to [defendant's] arguments leads us also to conclude that they have waived [that] argument…"); *Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011) (same).

Thus, remand is required to allow the ALJ to resolve the inconsistency at Step Four whether Plaintiff's past relevant work can be performed with the environmental limitations found by the ALJ and, alternatively, to establish whether a significant number of jobs exist that Plaintiff could perform at Step Five of the evaluation. On remand, the ALJ also should resolve whether Plaintiff could perform the file clerk job with her handling limitations given that the record was unclear whether the VE found the file clerk job accommodated these limitations. The DOT job description does not state the amount of handling required for a file clerk job, and the Commissioner does not explain her perception (dkt. 24, p. 16) that more intense handling is not required given that the description indicates most of the job is handling files and other materials. *See* https://occupationalinfo.org/20/206387034.html (job description of file clerk) (last visited June 29, 2022).

### IV.     Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. At this time, the Court offers no opinion as to the merits of the other alleged bases of error in the ALJ's decision as raised by Plaintiff. Plaintiff's

8

motion for summary judgment (dkt. 16) is granted; the Commissioner's motion for summary judgment (dkt. 23) is denied.

Entered: July 5, 2022

_____
Susan E. Cox,
United States Magistrate Judge

9